IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ERIE DIVISION

| | |
|---|---|
| LARRY SIMMONS, JR., | ) 1:23-CV-333-RAL |
| Plaintiff | ) SUSAN PARADISE BAXTER<br>) United States District Judge |
| v. | ) RICHARD A. LANZILLO<br>) Chief United States Magistrate Judge |
| COMMONWEALTH OF<br>PENNSYLVANIA, et al., | ) REPORT AND RECOMMENDATION |
| Defendants | ) |

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

I. Recommendation

It is recommended that this action be dismissed as legally frivolous and/or for failure to state a claim in accordance with 28 U.S.C. § 1915(e).

II. Report

Plaintiff, an inmate formerly confined at the Erie County Prison, commenced this action by filing a civil rights complaint pursuant to 42 U.S.C. § 1983 against the Commonwealth of Pennsylvania, State Constable Mark Biletnikoff, Judge Susan Stromeyer, Assistant District Attorney Hillary B. Hoffman, and Erie Mayor Joe Schember. ECF No. 1-1. The Court granted Plaintiff's motion to proceed in forma pauperis on February 6, 2024. ECF No. 7. Plaintiff has since filed several amended pleadings. *See* ECF Nos. 8, 15, 20.

1

In his latest pleading Plaintiff asserts that Hoffman and Biletnikoff[1] violated his rights as secured by the First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution. ECF No. 20. He also alleges state law claims for abuse of process, malicious arrest, false arrest, suppressing exculpatory evidence, "reckless disregard of the truth," "exploitation," intentional infliction of emotional distress, and "negligence of duty." *Id.* at p. 12. Plaintiff seeks $250,000.00 in damages. *Id.*

A. Standard for review

Having been granted leave to proceed in forma pauperis, Plaintiff is subject to the screening provisions in 28 U.S.C. § 1915(e).[2] Among other things, that statute requires the Court to dismiss any action in which the Court determines that the action is "frivolous or malicious; fails to state a claim upon which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2); *Muchler v. Greenwald*, 624 Fed. Appx. 794, 796-97 (3d Cir. 2015). A frivolous complaint is one which is either based upon an indisputably meritless legal theory (such as when a defendant enjoys immunity from suit) or based upon factual contentions which are clearly baseless (such as when the factual scenario described is fanciful or delusional). *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). The determination as to whether a complaint fails to state a claim upon which relief may be granted is governed by the same standard applicable to motions to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

---

[1] Although Schember is listed in the caption of Plaintiff's latest pleading, he is not referenced anywhere else in that document. It appears that his inclusion in the caption was a mistake. To the extent that Plaintiff may have intended to assert any claims against Schember, those claims are dismissed for failure to allege his personal involvement in any misconduct.

[2] Because Plaintiff is proceeding *pro se*, his allegations, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972). Moreover, under the liberal pleading rules, during the initial stages of litigation, a district court should construe all allegations in a complaint in favor of the complainant. *Gibbs v. Roman*, 116 F.3d 83 (3d Cir. 1997).

*D'Agostino v. CECOM RDEC*, 436 Fed. Appx. 70, 72 (3d Cir. 2011) (citing *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999)).

    B. Background

    Plaintiff's Amended Complaint describes an incident that occurred on October 21, 2022, at an Erie Federal Credit Union bank branch in Erie, Pennsylvania. ECF No. 20. According to Plaintiff, Biletnikoff grabbed him, handcuffed him, and attempted to slam him to the ground in the lobby of the bank for no apparent reason. *Id.* at p. 11. Because Biletnikoff scratched his hand during the incident, Plaintiff was charged with aggravated assault, simple assault, harassment, and resisting arrest at Case No. CP-25-CR-0002815-2022. *Id.* at p. 12. *See also Commonwealth v. Simmons*, Case No. CP-25-CR-0002815-2022. Biletnikoff later provided false testimony at Plaintiff's preliminary hearing, claiming that Plaintiff had assaulted him. ECF No. 20 at p. 1. Biletnikoff and Hoffman refused to provide Plaintiff with exculpatory video footage of the incident and falsely claimed that Plaintiff posed a threat to Biletnikoff. *Id.* at pp. 2-3. A review of the state court docket sheet for Case No. CP-25-CR-0002815-2022 indicates that Plaintiff entered a plea of *nolo contendere* to the simple assault and resisting arrest charges on November 18, 2024, and was sentenced to 11 ½ to 23 months incarceration. The Pennsylvania Supreme Court denied Plaintiff's Petition for Allowance of Appeal on March 19, 2025. *Id.*

    In his scattershot pleading, Plaintiff tosses out a laundry list of legal violations that he believes stem from Defendants' alleged misconduct. Many of these – such as his First, Fifth, Sixth, and Eighth Amendment claims and his state law claims for intentional infliction of emotional distress and negligence – are listed without context, explanation, or supporting facts. *See* ECF No. 20 at 2 (alleging only that "[a]ll relevant times herein the defendants . . . acted under color of state law to deprive the plaintiff of his 1st, 4th, 5th, 6th, 8th, and 14th U.S. Constitutional

3

Amendment Rights"). Other purported claims – such as "reckless disregard of the truth" and "exploitation" – simply do not exist as cognizable or enforceable legal rights. Each of these claims should be dismissed for failure to state a claim.

Of Plaintiff's remaining claims, the following are most fully articulated: 1) an abuse of process and false arrest claim against Biletnikoff for arresting him on October 21, 2022; 2) an abuse of process claim against Hoffman for failing to provide him with potentially exculpatory evidence; and 3) a malicious prosecution claim against each Defendant for imprisoning him for over sixteen months after the incident. For the following reasons, each must be dismissed pursuant to the doctrine of absolute prosecutorial immunity and the United States Supreme Court's holding in *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

### C. Analysis

#### 1. Hoffman is entitled to absolute prosecutorial immunity

The doctrine of absolute immunity protects prosecutors from liability related to their official acts. *Imbler v. Pachtman*, 424 U.S. 409, 417–20 (1976). "More than a mere defense to liability, prosecutorial immunity embodies the right not to stand trial." *Odd v. Malone*, 538 F.3d 202, 207 (3d Cir. 2008) (internal quotations and citations omitted). Under this doctrine, a prosecutor is absolutely immune from liability for money damages under § 1983 for acts "within the scope of [their] duties in initiating and pursuing a criminal prosecution." *Imbler*, 424 U.S. at 410. Notably, absolute immunity extends to a prosecutor's conduct in "beginning a prosecution," "soliciting false testimony from witnesses in grand jury proceedings and probable cause hearings, presenting a state's case at trial," "appearing before a judge to present evidence," *Fogle v. Sokol*, 957 F.3d 148, 160 (3d Cir. 2020), and "deliberately [withholding] exculpatory evidence." *Segers v. Williams*, 12 F.Supp.3d 734, 739 (E.D. Pa. 2014). *See also Yarris v. County of Delaware*, 465

F.3d 129, 137 (3d Cir. 2006) (holding that prosecutors were "absolutely immune from claims based on allegations that they 'intentionally concealed' exculpatory evidence").

Applying these principles to the instant case, Plaintiff's claims against Hoffman are plainly barred by the doctrine of absolute prosecutorial immunity. Courts have consistently held that decisions relating to initiating and continuing a prosecution and turning over potentially relevant evidence fall within the scope of a prosecutor's duties while pursuing a criminal prosecution. *See Sealander v. Brague*, 2019 WL 5829373, at *6 (M.D. Pa. Nov. 7, 2019) ("[A] prosecutor is entitled to absolute immunity while performing his official duties as [an] officer of the court, even if, in the performance of those duties, he is motivated by a corrupt or illegal intention.") (quoting *Jennings v. Shuman*, 567 F.2d 1213, 1221-22 (3d Cir. 1977) (internal quotations omitted)); *Douris v. Schweiker*, 229 F.Supp.2d 391, 399 (E.D. Pa. 2002) ("[P]rosecutors are absolutely immune in § 1983 actions for their decisions to prosecute, and withholding exculpatory evidence is a quasi-judicial act protected by absolute immunity."). Pre-service dismissal is warranted.

    2. Plaintiff's false arrest/imprisonment and malicious prosecution claims are barred by *Heck*

In *Heck*, the Supreme Court held that: "to recover damages [or other relief] for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]" *Heck*, 512 U.S. at 486-87 (footnote and internal citation omitted). A review of Plaintiff's state court docket indicates that he pled *nolo*

*contendere*[3] to two charges stemming from the underlying incident and that his conviction for those crimes has not been reversed. *Simmons*, No. CP-25-CR-0002815-2022. Consequently, the Court must evaluate each of his § 1983 claims to determine whether "success would necessarily imply the unlawfulness of [his] (not previously invalidated) conviction or sentence." *Wilkinson v. Dotson*, 544 U.S. 74, 81 (2005).

To bring a claim for false arrest, a plaintiff must establish "that there was an arrest" and "that the arrest was made without probable cause." *Harvard v. Cesnalis*, 973 F.3d 190, 199 (3d Cir. 2020) (quoting *James v. City of Wilkes-Barre*, 700 F.3d 675, 680 (3d Cir. 2012)). A claim for false imprisonment requires proof that the plaintiff was detained and that the detention "was unlawful." *James*, 700 F.3d at 682. Each claim "necessarily fail[s] if probable cause existed for any one of the crimes charged against the arrestee." *Harvard*, 973 F.3d at 199. *See also Miller v. Victory*, 2022 WL 17128634, at *4 (W.D. Pa. Nov. 22, 2022); ("Probable cause is conclusively established in a § 1983 false arrest action where the record demonstrates that the plaintiff was convicted of the offense upon which the arrest was based, such as by guilty plea or conviction, so long as the conviction has not been overturned.") (quotation and quoting source omitted).

As noted above, Plaintiff's conviction has not been overturned. Because his guilty plea and subsequent conviction conclusively establishes probable cause for his arrest and confinement, and because that conviction has not been invalidated, Plaintiff's false arrest and false imprisonment claims must fail. *See, e.g.*, *Miller*, 2022 WL 17128634, at *4 ("Miller's complaint that Victory arrested him without probable cause 'would plainly imply the invalidity of [Miller's] conviction,' and thus 'run afoul of *Heck*[.]'") (quoting *Walker v. Clearfield County District Attorney*, 413 Fed. Appx. 481, 484 (3d Cir. 2011)).

---

[3] The Court of Appeals for the Third Circuit has held that a "*nolo contendere* plea . . . must be treated the same as a conviction under *Heck*." *Curry v. Yachera*, 835 F.3d 373, 378 (3d Cir. 2016).

6

The same is true of Plaintiff's claim for malicious prosecution. To prevail on a malicious prosecution claim, a plaintiff must demonstrate that: "(1) the defendants initiated a criminal proceeding; (2) the criminal proceeding ended in [the] plaintiff's favor; (3) the proceeding was initiated without probable cause; (4) the defendants acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding." *Harvard*, 973 F.3d at 206 (quoting *Estate of Smith v. Marasco*, 318 F.3d 497, 521 (3d Cir. 2003)). As with a false arrest claim, "the absence of probable cause is an essential element" that Plaintiff cannot establish without establishing the invalidity of the ensuing conviction. *Pinkney v. Meadville, Pennsylvania*, 684 F.Supp.3d 615, 634 (W.D. Pa. 2023). *See also Nash v. Kenney*, 784 Fed. Appx. 54, 57 (3d Cir. 2019) ("Nash's malicious-prosecution and speedy-trial claims—which challenge his post-arraignment detainment—are barred by the favorable-termination rule of *Heck v. Humphrey*"); *Sledge v. Three Unknown Officers of City of Erie Police Dept.*, 2023 WL 4034217, at *5 (W.D. Pa. May 8, 2023) ("[A] conviction on the underlying criminal charges, whether by guilty plea or jury verdict, conclusively negates the probable cause element of a false arrest or malicious prosecution claim.").

For the foregoing reasons, Plaintiff's false arrest, false imprisonment, and malicious prosecution claims are barred by *Heck v. Humphrey*. That said, these claims should be dismissed without prejudice to Plaintiff's ability to file a new complaint challenging the same conduct if his conviction is later overturned.

III. Conclusion

For the foregoing reasons, it is respectfully recommended that this action be dismissed as legally frivolous and/or for failure to state a claim in accordance with 28 U.S.C. § 1915(e).

Considering the bar presented by *Heck v. Humphrey*, it is further recommended that leave to amend be denied as futile. However, said dismissal should be <u>without</u> <u>prejudice</u> in two respects: (1) Plaintiff is not precluded from challenging his conviction in a timely-filed habeas corpus petition after his state PCRA proceedings have terminated; and (2) Plaintiff may file a renewed § 1983 seeking damages for malicious prosecution or abuse of process if his criminal conviction is later overturned. All other claims should be dismissed with prejudice.

IV.    Notice

In accordance with 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72, the parties must seek review by the district court by filing Objections to the Report and Recommendation within fourteen (14) days of the filing of this Report and Recommendation. Any party opposing the Objections shall have fourteen (14) days from the date of service of the Objections to respond thereto. *See* Fed.R.Civ.P. 72(b)(2). Extensions of time will not be granted. Failure to file timely objections may constitute a waiver of appellate rights. *See Brightwell v. Lehman*, 637 F.3d 187, 193 n.7 (3d Cir. 2011); *Nara v. Frank*, 488 F.3d 187 (3d Cir. 2007).

Dated this 9th day of July, 2025.

SUBMITTED BY:

_____
RICHARD A. LANZILLO
Chief United States Magistrate Judge