IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LARRY SIMMONS. JR.,<br>　　　　Plaintiff,<br><br>　　　v.<br><br>COMMONWEALTH OF<br>PENNSYLVANIA, et al.,<br>　　　　Defendants. | C.A. No. 23-333 Erie<br><br>District Judge Susan Paradise Baxter<br>Chief Magistrate Judge Richard Lanzillo |

## MEMORANDUM ORDER

Plaintiff Larry Simmons. Jr., an adult individual formerly incarcerated at the Erie County Prison in Erie, Pennsylvania, commenced this action by filing a motion to proceed *in forma pauperis* ("*ifp* motion") [ECF No. 1], along with an attached *pro se* civil rights complaint against the Commonwealth of Pennsylvania, State Constable Mark Biletnikoff, Judge Susan Stromeyer, Assistant District Attorney Hillary B. Hoffman, and Erie Mayor Joe Schember. The action was referred to Chief United States Magistrate Judge Richard A. Lanzillo for report and recommendation in accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1), and Rules 72.1.3 and 72.1.4 of the Local Rules for Magistrates.

Plaintiff's ifp motion was granted by Order dated February 6, 2024 [ECF No. 7], at which time Plaintiff's original complaint was docketed [ECF No. 8]. Plaintiff subsequently filed an amended complaint on February 29, 2024 [ECF No. 15], and a second amended complaint on May 29, 2024 [ECF No. 20], the latter of which is the operative pleading in this case.[1] In general,

---

[1] Plaintiff's second amended complaint is asserted against only Defendants Hoffman and Biletnikoff. As a result, all

Plaintiff asserts that Defendants Hoffman and Biletnikoff violated his rights under the first, fourth, fifth, sixth, eighth, and fourteenth amendments to the United States Constitution. In addition, Plaintiff asserts several state law claims against these Defendants, including abuse of process, malicious prosecution, false arrest, suppressing exculpatory evidence, "reckless disregard of the truth," "exploitation," intentional infliction of emotional distress, and "negligence of duty."

Plaintiff's claims arise from an incident that occurred on October 21, 2022, at an Erie Federal Credit Union bank branch in Erie, Pennsylvania. In particular, Plaintiff alleges that Defendant Biletnikoff grabbed him, handcuffed him, and attempted to slam him to the ground in the bank's lobby for no apparent reason. (ECF No. 20, at p. 11). Because Biletnikoff's hand was scratched during the incident, Plaintiff was charged with aggravated assault, simple assault, harassment, and resisting arrest. (Id. at p. 12). Plaintiff alleges that Biletnikoff later provided false testimony at Plaintiff's preliminary hearing by claiming that Plaintiff assaulted him. (Id. at p. 1). Plaintiff alleges further that Biletnikoff and Hoffman refused to provide exculpatory video evidence of the incident and falsely claimed that Plaintiff posed a threat to Biletnikoff. (Id. at pp. 2-3). Plaintiff ultimately entered a plea of *nolo contendere* to the charges of simple assault and resisting arrest on November 18, 2024, and was sentenced to 11½ to 23 months of incarceration. The Pennsylvania Supreme Court later denied Plaintiff's petition for allowance of appeal on March 19, 2025.

On July 9, 2025, Chief Magistrate Judge Lanzillo issued a report and recommendation ("R&R") recommending that Plaintiff's claims against Defendants Hoffman and Biletnikoff be

---

other Defendants have previously been terminated from this case.

dismissed as legally frivolous in accordance with 28 U.S.C. § 1915(e). [ECF No. 22]. In particular, Judge Lanzillo determined that Plaintiff's constitutional claims, as well as his purported state law claims other than his abuse of process, false arrest, and malicious prosecution claims, failed to state claims upon which relief may be granted; Plaintiff's claims against Defendant Hoffman are barred by absolute prosecutorial immunity; and Plaintiff's false arrest/imprisonment and malicious prosecution claims are barred by Heck v. Humphrey, 512 U.S. 477 (1994), because his criminal conviction has not been overturned.

Timely objections to the R&R have been filed by Plaintiff [ECF No. 23]; however, they do nothing more than restate Plaintiff's allegations and argue their sufficiency without further substance or support.

After *de novo* review of the complaint, together with the report and recommendation and objections thereto, the following order is entered:

AND NOW, this 31st day of July, 2025;

IT IS HEREBY ORDERED that the report and recommendation of Chief Magistrate Judge Lanzillo, issued July 9, 2025 [ECF No. 22], is adopted as the opinion of the Court, and all of Plaintiff's claims are DISMISSED as frivolous pursuant to 28 U.S.C. § 1915(e); however, such dismissal is without prejudice in two respects: (1) Plaintiff is not precluded from challenging his conviction in a timely-filed habeas corpus petition after his state PCRA proceedings are terminated; and (2) Plaintiff may file a renewed civil rights complaint under 42 U.S.C. § 1983 for malicious prosecution and/or abuse of process if his conviction is later overturned. All other claims are dismissed with prejudice.

There being no further claims before this Court, the Clerk is directed to mark this case CLOSED.

*Susan Paradise Baxter*
SUSAN PARADISE BAXTER
United States District Judge

cc: The Honorable Richard A. Lanzillo
Chief U.S. Magistrate Judge

all parties of record